**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James E. Skinner,<br><br>    Plaintiff,<br><br>vs.<br><br>Charles L Ryan, et al.,<br><br>    Defendants. | No. CV-12-1729-PHX-SMM (LOA)<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Leave to Amend First Amended Complaint, Motion for Reconsideration of Court's Order, and Motion for Leave of Court to Amend First Amended Complaint and Withdraw Motion for Reconsideration ("Second Motion to Amend"). (Docs. 33, 34, 39)  In the Second Motion to Amend, Plaintiff "withdraws his Motion for Reconsideration and the concurrently filed [Motion] for Leave to Amend." (Doc. 39 at 1) Accordingly, the Court will order the first two motions to be withdrawn and will address only the Second Motion to Amend.

**I. Background**

Plaintiff, a frequent filer[1] and proceeding *pro se*, commenced this prisoner civil rights

---

[1] Plaintiff has filed six lawsuits in this division of the District Court of Arizona in the last seven years. The others are CV-06-1879-PHX-SMM (on appeal); CV-07-1070-PHX-SMM (ECV) (on appeal); CV-09-1363-PHX-SMM (LOA) (on appeal); CV-09-2152-PHX-SMM (LOA) (open case at trial level); CV-10-1197-PHX-SMM (LOA) (case final, no appeal). Each judgment entered in these cases was adverse to Plaintiff.

action pursuant to 42 U.S.C. § 1983 on August 14, 2012, by lodging a Complaint. (Docs. 1-2) Plaintiff also requested leave to proceed *in forma pauperis,* which was granted. (Docs. 3, 6) On September 21, 2012, the assigned District Judge denied Plaintiff's request to exceed the page limit and file the Complaint, but granted Plaintiff leave to file an amended complaint within thirty days thereafter. (Doc. 6)

Plaintiff filed a First Amended Complaint on October 2, 2012. (Doc. 8) Plaintiff raised two grounds for relief against seventeen separate defendants. In Count I, Plaintiff alleged he is being deprived of basic necessities in violation of the Eighth Amendment, including inadequate plumbing in his cell, unsanitary conditions in his cell and other areas, and the failure to provide cleaning supplies to address the unsanitary conditions. In Count II, Plaintiff alleged prison officials retaliated against him in violation of the First Amendment for filing a previous federal civil rights lawsuit. The District Judge screened the First Amended Complaint in accordance with 28 U.S.C. § 1915A(a) on February 19, 2013. (Doc. 9) The District Judge dismissed Count II for failure to state a claim, along with three defendants, but ordered fourteen defendants to answer the allegations in Count I. (Doc. 9 at 15) Eleven defendants have since filed an Answer. (Docs. 27, 35, 38)[2]

**II.  Second Motion to Amend - Analysis**

Plaintiff's Second Motion to Amend requests leave to amend his First Amended Complaint, though it offers no reason or explanation of any kind for the proposed amendments. Plaintiff has lodged a proposed Second Amended Complaint that appears to comply with Local Rule (LRCiv) 15.1(a) (proposed amended pleading "must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added.").

---

[2] Defendant Zaborsky waived service on April 19, 2013, but he has yet to file an Answer. (Doc. 26) Attempts by the United States Marshals Service to serve Defendants Alvarez and Duarte have been unsuccessful and their summonses have been returned unexecuted. (Docs. 14, 16)

Rule 15(a) of the Federal Rules of Civil Procedure, which governs the amendment of civil complaints, provides that "leave [to amend a pleading] shall be freely given when justice so requires." "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A district court need not prolong litigation by permitting further amendment where such amendment would be futile. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). Granting or denying a motion to amend is a matter within the court's discretion. *See, e.g., Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Chappel v. Laboratory Corp. of Amer.*, 232 F.3d 719, 725 (9th Cir. 2000). "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint . . . .'" *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 n. 3 (9th Cir. 1987) (quoting *Mir v. Fosburg*, 646 F.2d 342 (9th Cir. 1980)).

Here, upon consideration of the above factors, the Court finds that leave to amend should be denied. Although there is no evidence of bad faith on Plaintiff's part, two other significant factors weigh against granting leave to amend. First, Plaintiff was previously granted leave to amend after his original Complaint substantially exceeded the 15-page limitation as required by LRCiv 3.4 and Rule 8(a)(2), Fed.R.Civ.P., ("short and plain statement of the claim"). (*See* Doc. 6 at 2-3)  Plaintiff then timely filed his First Amended Complaint, pursuant to which the District Judge ordered service upon, and an Answer from, fourteen different defendants. After nearly four months of time spent effecting service of process by the United States Marshals Service, in addition to assistance from the Court and Defendants' counsel in obtaining valid service addresses, the case is now ready to proceed with discovery. This action is nearly a year old. Granting leave to file another amended complaint would essentially start the case over, at least with respect to those defendants Plaintiff seeks to add in his proposed Second Amended Complaint; would add more delay and expense in reaching the merits of

Plaintiff's claims, and render it less likely the Court and parties could substantially meet the congressional recommended goal established in the Civil Justice Reform Act of a trial in this case eighteen months after the Complaint was filed, *see* 28 U.S.C. § 473(a)(2); and is inconsistent with Rule 1, Fed.R.Civ.P.,("These rules . . . shall be construed and administered to secure the *just, speedy, and inexpensive* determination of every action.") (emphasis added).

Second, the Court finds Plaintiff's proposed amendments would be futile. In the screening order for the First Amended Complaint, the District Judge, in dismissing Plaintiff's retaliation claim in Count II, found "[t]he facts alleged by Plaintiff do not support that Defendants retaliated against him for filing the previous case." (Doc. 9 at 13) The Judge explained, "If anything, the allegations suggest that Defendants suspended [Plaintiff's former lawyer's] ability to visit inmates on a non-legal basis because she had represented inmates in lawsuits against prison officials." (*Id.*)

In the proposed Second Amended Complaint, Plaintiff re-writes his retaliation claim in Count II. (*See* Doc. 40 at 17-26)  However, it suffers from the same flaw as Count II of the First Amended Complaint. Plaintiff's factual allegations that prison officials impeded his mail and prohibited his former lawyer from making non-legal visits fail to demonstrate that the actions were taken in retaliation for Plaintiff's 2009 federal lawsuit, as he claims. Plaintiff refers to a July 2011 settlement conference for the 2009 case and contends that Defendant Zaborsky was upset that Plaintiff had to be available for two legal calls only two days apart. (Doc. 40 at 17) Plaintiff next contends that, after March 2012, Defendants Barrios and Credio, the only two defendants against whom the proposed Count II is alleged, impeded mail from, and prohibited visits by, the attorney who represented Plaintiff in the 2009 case. (Doc. 40 at 22-26)

Plaintiff concedes that the attorney no longer represented him after March 2012, and, thus, the alleged impediments did not involve legal mail or legal visits. Regardless, Plaintiff's allegations fail to connect the filing of his 2009 lawsuit, or his participation in the July 2011 settlement conference, with the alleged actions taken by Barrios and Credio in 2012 and 2013. *See Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (a retaliation claim requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally-

1 protected right, and (2) that the action advanced no legitimate penological interest). Plaintiff
2 also fails to provide any explanation of how Zaborsky's reaction to Plaintiff's participation in
3 two legal calls in 2011 has anything to do with the alleged actions taken by Barrios and Credio.
4 As the District Judge stated in the screening order referenced above, if anything, the allegations
5 suggest that Plaintiff's former lawyer was prohibited from visiting him on a non-legal basis
6 because she had represented inmates in lawsuits against prison officials. Because Plaintiff's
7 proposed amended Count II fails to sufficiently allege a retaliation claim, granting Plaintiff
8 leave to amend to add that claim would be futile. For these reasons, Plaintiff's Second Motion
9 to Amend will be denied.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend First Amended Complaint, doc. 33, and Plaintiff's Motion for Reconsideration of Court's Order, doc. 34, are **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave of Court to Amend First Amended Complaint, doc. 39, is **DENIED**.

Dated this 2nd day of August, 2013.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge