**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James E. Skinner,               )<br>             Plaintiff,            )<br>                                 )<br>vs.                              )<br>                                 )<br>Charles L. Ryan, et al.,         )<br>             Defendants.          )<br>_____  ) | No. CV-12-1729-PHX-SMM (LOA)<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Compel Discovery in which Plaintiff requests that the Court compel Defendant Ryan to produce documents responsive to his requests for production. (Doc.48) Defendant Ryan has filed a Response and Plaintiff has filed a Reply. (Docs. 58, 63) On December 29, 2013, Plaintiff filed a Supplemental Pleading in Support of His Motion to Compel Discovery. (Doc. 92)

**I. Background**

Plaintiff, a frequent filer[1] and proceeding *pro se*, commenced this prisoner civil rights action pursuant to 42 U.S.C. § 1983 on August 14, 2012, by lodging a Complaint. (Docs. 1-2) Plaintiff also requested leave to proceed *in forma pauperis,* which was granted. (Docs. 3, 6) On September 21, 2012, the assigned District Judge denied Plaintiff's request to exceed the page

---

[1] Plaintiff has filed six lawsuits in this division of the District Court of Arizona in the last seven years. The others are CV-06-1879-PHX-SMM (on appeal); CV-07-1070-PHX-SMM (ECV) (on appeal); CV-09-1363-PHX-SMM (LOA) (on appeal); CV-09-2152-PHX-SMM (LOA) (open case at trial level); CV-10-1197-PHX-SMM (LOA) (case final, no appeal). Each judgment entered in these cases was adverse to Plaintiff.

limit and file the Complaint, but granted Plaintiff leave to file an amended complaint within thirty days thereafter. (Doc. 6)

Plaintiff filed a First Amended Complaint on October 2, 2012. (Doc. 8) Plaintiff raised two grounds for relief against seventeen separate defendants. In Count I, Plaintiff alleged he is being deprived of basic necessities in violation of the Eighth Amendment, including inadequate plumbing in his cell, unsanitary conditions in his cell and other areas, and the failure to provide cleaning supplies to address the unsanitary conditions. In Count II, Plaintiff alleged prison officials retaliated against him in violation of the First Amendment for filing a previous federal civil rights lawsuit. The District Judge screened the First Amended Complaint in accordance with 28 U.S.C. § 1915A(a) on February 19, 2013. (Doc. 9)  The District Judge dismissed Count II for failure to state a claim, along with three defendants, but ordered fourteen defendants to answer the allegations in Count I. (Doc. 9 at 15)

**II. Motion to Compel**

In the Motion to Compel, Plaintiff asks the Court to order Defendant Ryan to produce documents responsive to his eight requests for production. Defendant Ryan's Responses to Plaintiff's First Request for Production, a copy of which is attached to the Motion to Compel, reflect that, while Defendant objected to all of the requests for various reasons, Defendant produced 19 documents that he claims are responsive to two of Plaintiff's requests. (Doc. 48 at 9-32)

Defendant contends, *inter alia*, the Motion to Compel should be denied because Plaintiff failed to comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and Rule 7.2(j) of the Local Rules of Civil Procedure ("LRCiv"). Rule 37(a)(1), Fed.R.Civ.P., provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Local Rules reiterate this certification requirement and further provide that "[a]ny discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions." LRCiv 7.2(j).

Regarding his obligation to confer in good faith, Plaintiff attaches to his Motion to Compel a letter to Defendant's counsel, dated September 19, 2013, in which he expresses his dissatisfaction with Defendant's responses to the requests for production. (Doc. 48-1 at 20) Plaintiff also requests a teleconference with Defendant's counsel to "confer in good faith and attempt to resolve the dispute." (*Id.*)

Plaintiff's Motion to Compel also includes a certification pursuant to LRCiv 7.2(j), explaining his attempt to confer with Defendant's counsel. (Doc. 48-1 at 18) Plaintiff asserts Defendant's counsel failed to respond to his request to confer. (*Id.*) Defendant's counsel apparently failed to review these attachments because he argues in the Response that Plaintiff failed to comply with the certification and conferral requirements. (Doc. 58 at 6) Moreover, Defendant's counsel presents nothing to show he did respond to Plaintiff's attempt to confer about the dispute. For these reasons, Defendant's argument that Plaintiff failed to comply with Fed.R.Civ.P. 37(a)(1) is without merit.

Nevertheless, Plaintiff, an experienced *pro se* litigant, has not demonstrated compliance with a different requirement pertaining to motions to compel. LRCiv 37.1 provides that a motion to compel discovery shall "set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs:

> (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;
>
> (2) the answer, designation or response received; and
>
> (3) the reason(s) why said answer, designation, or response is deficient."

LRCiv 37.1(a). Civil Local Rule 37.1(a) applies to all *pro se* litigants, including prisoners. *See Aros v. Robinson*, 2011 WL 643386, at *2 (D. Ariz. Feb. 11, 2011) ("Plaintiff's failure to comply with [LRCiv 37.1(a)] provides an independent sufficient basis to deny his Motion to Compel. "). The requirements of this Local Rule do not apply only "where there has been a complete and total failure to respond to a discovery request." LRCiv 37.1(b).

A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted). They "are binding upon

1  the parties and upon the court, and a departure from local rules that affects substantial rights
2  requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349,
3  1353 (9th Cir. 1994) (internal quotation marks omitted). "A departure is justified only if the
4  effect is so slight and unimportant that the sensible treatment is to overlook it." *Id.* (citations and
5  internal quotation marks omitted). "Anyone appearing before the court is bound by these Local
6  Rules[,] including "[p]arties not represented by an attorney unless the context requires
7  otherwise." LRCiv 83.3(c)(1).

8  Plaintiff's Motion to Compel fails to comply with LRCiv 37.1(a). Plaintiff's motion
9  does not set forth, separately from a memorandum of law, in separate, distinct, numbered
10 paragraphs, the documents requested, the response received and the reasons why the response
11 is deficient. Although Plaintiff attached to his motion a copy of Defendant Ryan's responses to
12 Plaintiff's requests for production, which included the original requests, Plaintiff did not do
13 what the rule requires by explaining, with respect to each response, why it is deficient. This
14 requirement enables the Court to address the merits of each request and response individually.
15 Much of what Plaintiff argues in the Motion to Compel pertains generally to the admissibility
16 of the documents requested and how he was able to obtain similar documents in prior cases.
17 LRCiv 37.1(a) requires more. For these reasons, the Court finds Plaintiff's Motion to Compel
18 fails to comply with LRCiv 37.1(a), and it will be denied on that basis.[2]

19 Accordingly,

20 **IT IS ORDERED** that Plaintiff's Motion to Compel Discovery, doc. 48, is **DENIED**
21 without prejudice. Defense counsel shall promptly respond to Plaintiff's letter in a good faith
22 attempt to avoid judicial involvement in this discovery dispute or narrow the issues upon which
23 the parties disagree.

24 DATED this 8th day of January, 2014.

Lawrence O. Anderson
United States Magistrate Judge

---

[2] Plaintiff's recently Supplemental Pleading in Support of His Motion to Compel Discovery, doc. 92, also fails to comply with LRCiv 37.1(a).