**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| James E. Skinner,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Defendants. | No. CV-12-1729-PHX-SMM (LOA)<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Application for Default Judgment Against Defendant Susan Zaborsky and Defendant's Motion for Leave to File Untimely Answer and Response to Motion for Default Judgment. (Docs. 60, 67) Plaintiff has filed a Response to Defendant's Motion for Leave to File Untimely Answer and Reply in Support of His Motion for Default Judgment. (Doc. 71)

**I. Background**

On February 19, 2013, after screening Plaintiff's First Amended Complaint, the assigned District Judge ordered service of process on fourteen defendants, including Defendant Susan Zaborsky. (Doc. 9) Defendants were directed to answer Count I of the First Amended Complaint in which Plaintiff alleges he is being deprived of basic necessities in violation of the Eighth Amendment, including inadequate plumbing in his cell, unsanitary conditions in his cell and other areas, and the failure to provide cleaning supplies to address the unsanitary conditions. (Doc. 8) The docket shows Defendant Zaborsky waived service on April 8, 2013, and her answer was due by April 30, 2013. (Doc. 26) Defendant Zaborsky failed to file a timely answer and she now requests leave to submit an untimely answer.

**II. Application for Default Judgment**

Plaintiff seeks a default judgment against Defendant Zaborsky based on her failure to file a timely answer. Defendant devotes much of her response to arguing that default should be set aside pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b), however, applies to requests for relief from default judgments that have already entered. *See* Fed.R.Civ.P. 55(c). Because neither the Clerk of Court nor the District Court has entered either the default or default judgment against Defendant Zaborsky, Rule 60(b) does not apply.

Federal Rule of Civil Procedure 55 sets forth the standards for entry of default and entry of a default judgment. Before a party can obtain a default judgment from the Court under Rule 55(b), the Clerk of Court must enter default as provided in Rule 55(a). 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed.1998); *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir.1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); *Kruska v. Perverted Justice Foundation Inc.*, 2008 WL 4936615, *1 (D. Ariz. Nov. 15, 2008) ("Before a default judgment can be entered by the court, the party must move the court to direct the entry of default in accordance with Rule 55(a) and default must be entered by the clerk.").

Here, Plaintiff did not seek entry of default when Defendant Zaborsky failed to answer within the time allowed. Rather, he moved directly for a default judgment. Because Plaintiff failed to first seek, and obtain, entry of default, his motion for default judgment is procedurally improper and will be denied on that basis. Moreover, as the following analysis of Defendant Zaborsky's Motion for Leave to File an Untimely Answer reflects, the Court finds excusable neglect for the untimely answer. Thus, by granting Defendant Zaborsky's motion, Plaintiff's motion for default judgment is rendered moot.

**III. Motion for Leave to File Untimely Answer**

Defendant requests in the motion that she be permitted to file the Notice of Joinder, lodged at doc. 68, in which she joins in the Answer, doc. 27, filed on April 30, 2013. Defendant explains that her counsel neglected to file a timely answer despite having the information

necessary to do so. In a declaration attached to the motion, counsel's legal secretary explains the failure to file the answer on time "was purely accidental and inadvertent." (Doc. 67-1 at 2)

When an act must be done within a specified time, and an enlargement of time is sought after the time has expired, the movant must show it "failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993) and *Briones v. Riviera Hotel and Casino,* 116 F.3d 379, 381 (2010)); *see also In re Veritas Software Corp. Secs. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (applying four factor test to Rule 6(b) "excusable neglect" analysis). The determination of "what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

With regard to the first factor, Plaintiff fails to allege in his response any specific prejudice resulting from Defendant Zaborsky's untimely answer. He refers to defense counsel's actions as causing prejudice in a general sense but asserts nothing specific. (Doc. 71 at 4) Moreover, Plaintiff would be hard-pressed to convince the Court of a "danger of prejudice" from Zaborsky's untimely answer given Plaintiff's ongoing attempts to serve the remaining unserved defendant. (*See* Docs. 75, 95) The Court recently granted another request by Plaintiff for assistance in obtaining a service address for Defendant Rita S. Duarte. (Doc. 95) Thus, any delay in prosecuting this action caused by Defendant Zaborsky's untimely answer is insignificant is light of the continuing delay resulting from Plaintiff's attempts to serve Defendant Duarte. Under the circumstances, the Court finds no "danger of prejudice" from Defendant Zaborsky's failure to file a timely answer.

Next, although the delay between the answer deadline and the filing of the instant motion was approximately six months, the Court finds, under the circumstance of this case, the

1 delay is not long enough to justify denying the defendant's motion because the impact of the
2 delay on the proceedings is relatively minimal. As noted above, Plaintiff's First Amended
3 Complaint sufficiently alleged a cause of action against fourteen separate defendants. Even
4 though the screening order was issued in February of 2013, Plaintiff has still not served each
5 defendant.  Since an Answer was filed by nine of the defendants on April 30, 2013, three
6 additional defendants have joined the Answer (Docs. 35, 38 and 74) The most recent joinder
7 was less than two months ago, on November 18, 2013. (Doc. 74) Defendant Zaborsky's
8 untimely answer comes less that two months since the last joinder and it precedes any answer
9 from the remaining unserved defendant. Thus, although in some circumstances a six-month
10 delay between the answer deadline and a motion to file an untimely answer might have a
11 significant impact on the proceedings, the Court finds it did not have a significant impact here.

12  As to the reason for the delay and whether the movant acted in good faith, the
13 Declaration of defense counsel's legal secretary, Colleen Jordan, explains how the failure to file
14 Defendant Zaborsky's joinder to the Answer was simply an oversight. (Doc. 67-1 at 2) Ms.
15 Jordan states Defendant Zaborsky was served and executed a joint representation agreement
16 which, typically, would prompt Ms. Jordan to file a joinder. (*Id.*) She states her failure to do so
17 "was purely accidental and inadvertent" and at no time did she "intentionally or knowingly omit
18 filing such a joinder." (*Id.*) Ms. Jordan states she filed an untimely joinder on behalf of
19 Defendant Zaborsky as soon as she became aware of the omission on November 1, 2013. (*Id.*)

20  Although the Court has concerns that defense counsel failed to recognize for six
21 months that a defendant he was representing had not entered a proper appearance, the Court
22 finds no basis to conclude he or his legal secretary acted in bad faith.[1] The innocuous, non-
23 intentional reason for the delay, along with the absence of any bad faith, supports a finding of
24 excusable neglect.

---

[1] The Court even noted in an Order back on August 2, 2013, doc. 42, that Defendant Zaborsky waived service on April 19, 2013, but had not yet filed an Answer. It appears counsel failed to read the Order because it wasn't until Plaintiff filed his motion for default judgment on October 29, 2013, that defense counsel realized Zaborsky had not filed an answer.

- 4 -

1  Applying the four-factor test and balancing the equities, the Court finds Defendant
2 Zaborsky has made the requisite showing of excusable neglect under Fed.R.Civ.P. 6(b)(1)(B).
3 Each factor individually, and the combination of factors, when applied to the circumstances of
4 this case, support a finding of excusable neglect for Defendant Zaborsky's untimely answer.
5 Moreover, such a finding is consistent with the public policy that "[t]his rule, like all the Federal
6 Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of
7 seeing that cases are tried on the merits.'" *Ahanchian*, 624 F.3d at 1258-59 (quoting *Rodgers*
8 *v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (other citations omitted). For these reasons, the Court
9 will grant the motion for leave to file an untimely answer and direct the Clerk of the Court to
10 file Defendant Zaborsky's lodged Notice of Joinder.

11  Accordingly,

12  **IT IS ORDERED** that Plaintiff's Application for Default Judgment Against
13 Defendant Susan Zaborsky, doc. 60, is **DENIED**.

14  **IT IS FURTHER ORDERED** that Defendant Zaborsky's Motion for Leave to File
15 Untimely Answer, doc. 67, is **GRANTED**. The Clerk of Court is kindly directed to file
16 Defendant Zaborsky's Notice of Joinder, currently lodged at doc. 68.

17  DATED this 10th day of January, 2014.

Lawrence O. Anderson
United States Magistrate Judge