**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James E. Skinner, | No. CV-12-1729-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Compel Discovery in which Plaintiff seeks an order compelling Defendant Ryan to produce documents responsive to his requests for production. (Doc. 102) Defendant has filed a Response and Plaintiff has filed a Reply. (Docs. 116, 117) Plaintiff also filed a Supplement to his Motion to Compel. (Doc. 121) Also pending is Plaintiff's Motion for Rule 11 Sanctions against Defendants' counsel. (Doc. 115) Defendants' counsel has filed a Response and Plaintiff has filed a Reply. (Docs. 124, 130) Plaintiff also filed a Supplement to his Motion for Rule 11 Sanctions. (Doc. 118)

**I. Background**

Plaintiff, proceeding *pro se*, commenced this prisoner civil rights action pursuant to 42 U.S.C. § 1983 on August 14, 2012, by lodging a Complaint. (Docs. 1-2) Plaintiff also requested leave to proceed *in forma pauperis,* which was granted. (Docs. 3, 6) On September 21, 2012, the assigned District Judge denied Plaintiff's request to exceed the page limit and file the Complaint, but granted Plaintiff leave to file an amended complaint within thirty days thereafter. (Doc. 6)

1  Plaintiff filed a First Amended Complaint on October 2, 2012. (Doc. 8) Plaintiff
2 raised two grounds for relief against seventeen separate defendants. In Count I, Plaintiff alleged
3 he is being deprived of basic necessities in violation of the Eighth Amendment, including
4 inadequate plumbing in his cell, unsanitary conditions in his cell and other areas, and the failure
5 to provide cleaning supplies to address the unsanitary conditions. Plaintiff claims that for nine
6 months he was housed in a cell in which the base of the toilet leaked every time it was used,
7 which caused flooding, and that he was not provided adequate supplies to address the problem.
8 He further claims that when he was eventually moved to a different cell in a different housing
9 unit, the walls of the cell appeared to have blood and dried feces on them. He claims that during
10 the several months he was there, he repeatedly requested supplies to clean his cell but received
11 adequate supplies on only one occasion. Plaintiff also claims that outdoor recreation cages and
12 an outer stairwell were covered with cat waste and pigeon droppings. He claims these
13 contaminants were then tracked back to his cell. Plaintiff claims he informed Defendants of
14 these issues but they failed to take any action to resolve the problems.

15  In Count II, Plaintiff alleged prison officials retaliated against him in violation of the
16 First Amendment for filing a previous federal civil rights lawsuit. The District Judge screened
17 the First Amended Complaint in accordance with 28 U.S.C. § 1915A(a) on February 19, 2013.
18 (Doc. 9) The District Judge dismissed Count II for failure to state a claim, along with three
19 defendants, but ordered fourteen defendants to answer the allegations in Count I.[1] (Doc. 9 at 15)
20 Plaintiff seeks unspecified compensatory and punitive damages, along with declaratory and
21 injunctive relief. (Doc. 8 at 20)

22 **II. Motion to Compel**

23  In the Motion to Compel, Plaintiff asks the Court to order Defendant Ryan to produce
24 documents responsive to his eight requests for production. Defendant's Response to the Motion
25 to Compel indicates that, while Defendant objected to all of Plaintiff's requests for various
26 reasons, Defendant produced 19 pages of documents, identified by Defendant as "Skinner's

---

[1] Thirteen defendants have answered. The fourteenth, Rita Duarte, was dismissed without prejudice on March 13, 2014 for failure to serve pursuant to Fed.R.Civ.P. 4(m). (Doc. 134)

Detention Record," in response to two of the requests. In response to a third request, Defendant produced 238 pages identified as "Toilet Repair Work Orders." (Doc. 116 at 9-32) Otherwise, Defendant contends the responses are sufficient and the objections proper. Defendant, however, also lists eleven categories of documents that counsel for Defendants "has been waiting for some months now for ADC [Arizona Department of Corrections] to provide."[2] (Doc. 116 at 7-8)

**A. Legal Standards for Discovery**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed.R.Civ.P. 26(b)(1). These limitations reflect that, in addition to being relevant, discovery must also be proportional to the issues and needs of the case. *Kaiser v. BMW of North America, LLC*, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013) (citing Fed.R.Civ.P. 26(b)(2)(C)). Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

---

[2] Defendants' counsel states that the ADC legal assistant who was primarily responsible for obtaining documents for the past ten years passed away on January 15, 2014. (Doc. 116 at 8) As a result, according to counsel, a substantial backlog exists, thus causing the delay in producing the eleven categories of documents. (*Id.*) The Court notes, however, that since filing his Response to the Motion to Compel, Defendant supplemented his responses to Plaintiff's requests for production on April 9, 2014, though the Court does not know what documents were included with the supplemental response. (Doc. 148)

Thus, the court must "strike[ ] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case." *Kaiser*, 2013 WL at *3. Moreover, "[b]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallet v. Morgan*, 296 F.3d 732,751 (9th Cir. 2002) (citing *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)).

**B. Application**

Plaintiff's first request states:

**RFP No. 1:** "Budget Records: For the relevant time frame produce any and all ADC budget records for ASPC - Florence and ASPC - Eyman including detailed documentation for any line items related to plumbing repair, flooding incidents, plumbing maintenance, cleaning supplies and equipment, inmates cleaning crews, and prophylactic supplies for dealing with potential infectious bodily fluids or either infectious contaminants for Central and Browning Units."

Defendant produced no documents in response to the request and objected by claiming the request is "vague, burdensome, overbroad, irrelevant, argumentative, assumes facts not established, requires speculation and conclusion, and not calculated to lead to the discovery of admissible evidence." (Doc. 116 at 2) Defendant also contends that disclosing these documents to an inmate would create a threat to the safe and orderly operation of the maximum security prison units in which Plaintiff is housed. Defendant also claims Plaintiff "has available to him all ADC policies and procedures that are not restricted from inmate possession at the prison library or upon request to the prison library." (Doc. 116 at 2)

The Court finds Plaintiff's first request for production is overly broad and unduly burdensome. In addition, the scope of the request is disproportional to the issues in this case. Plaintiff's complaints of being housed in unsanitary cells and being denied adequate cleaning supplies do not entitle him to "any and all" budget records for an unspecified time period for two different prison facilities. Given the claims at issue in this case, the Court will not impose upon Defendant the significant burden of searching for and producing the wide range of documents responsive to this request.

Plaintiff's second request states:

**RFP No. 2:** "Sanitation Requirements: For the relevant time frame produce any and all documents showing ADC policy, procedures, post orders, directives, standards and Arizona law regarding ADC duties or requirements for maintaining adequate cell, recreation cage, and outer staircase sanitation for Central and Browning Units including any and all work crew records whether said crews were inmate crews or contractors."

Defendant produced 19 pages of documents in response to this request, referred to as "Skinner's Detention Record," but still objected by claiming the request is "vague, burdensome, overbroad, irrelevant, argumentative, assumes facts not established, requires speculation and conclusion, and not calculated to lead to the discovery of admissible evidence." (Doc. 116 at 2) Defendant also contends that disclosing these documents to an inmate would create a threat to the safe and orderly operation of the maximum security prison units in which Plaintiff is housed. Defendant also claims Plaintiff "has available to him all ADC policies and procedures that are not restricted from inmate possession at the prison library or upon request to the prison library." (Doc. 116 at 2)

The Court finds Plaintiff's second request for production to be overly broad, unduly burdensome, and disproportional to the issues in this case.  The Court will not impose upon Defendant the extraordinary burden of essentially producing every document in his possession, including "work crew records" for two facilities, that has anything to do with cell, recreation cage and staircase maintenance.

Additionally, Defendant's list of "Additional Documents Requested" includes documents that may be responsive to Plaintiff's second request for production. Plaintiff may, therefore, have since received additional documents responsive to this request. Regardless, the Court will not require Defendant to produce anything further in response to Plaintiff's second request for production.

Plaintiff's third request states:

**RFP No. 3:** "Compliance records: For the relevant time frame produce any and all records which show or are in any way evidence of available cleaning supplies and equipment, as well as the supplies and equipment actually distributed both to Plaintiff and other prisoners at Central and Browning Units including any and all daily activity schedules, individual inmate detention records, cleaning equipment inventory and check out records, and correctional service logs generated during the normal course of ADC operations at each of Plaintiffs housing locations, any and all audit reports or records."

1  Defendant produced 19 pages of documents in response to this request, referred to as
2  "Skinner's Detention Record," but still objected by claiming the request is "vague, burdensome,
3  overbroad, irrelevant, argumentative, assumes facts not established, requires speculation and
4  conclusion, and not calculated to lead to the discovery of admissible evidence." (Doc. 116 at
5  3) Defendant also contends that disclosing these documents to an inmate would create a threat
6  to the safe and orderly operation of the maximum security prison units in which Plaintiff is
7  housed. Defendant also claims Plaintiff "has available to him all ADC policies and procedures
8  that are not restricted from inmate possession at the prison library or upon request to the prison
9  library." (Doc. 116 at 3)

The Court finds Plaintiff's third request for production to be overly broad, unduly burdensome, and disproportional to the issues in this case. Plaintiff is seeking "any and all" records having anything to do with cleaning supplies at two separate facilities for an unspecified period of time. Under the circumstances of this case, the Court will not impose upon Defendant the extraordinary burden of producing the enormous number of documents that may be responsive to the request.

Additionally, Defendant's list of "Additional Documents Requested" includes documents that may be responsive to Plaintiff's third request for production. Plaintiff may, therefore, have since received additional documents responsive to this request. Regardless, the Court will not require Defendant to produce anything further in response to Plaintiff's third request for production.

Plaintiff's fourth request states:

**RFP No. 4:** "Maintenance Records: For the relevant time frame produce all Central Unit maintenance records regarding either the repair or replacement of toilets or toilet plumbing including any and all work orders, repair or replacement costs or estimates, names of suppliers, lists of all broken toilets or otherwise in need of repair or replacement, maintenance logs, and an all documentation showing requests for funding to repair or replace toilets or plumbing."

Defendant produced 238 pages of documents in response to this request, referred to as "Toilet Repair Work Orders," but still objected by claiming the request is "vague, burdensome, overbroad, irrelevant, argumentative, assumes facts not established, requires speculation and conclusion, and not calculated to lead to the discovery of admissible evidence."

1 (Doc. 116 at 3) Defendant also contends that disclosing these documents to an inmate would 2 create a threat to the safe and orderly operation of the maximum security prison units in which 3 Plaintiff is housed. Finally, Defendant claims the request is "beyond the bounds of this lawsuit 4 . . . ." (Doc. 116 at 3)

The Court finds Plaintiff's fourth request for production to be overly broad, unduly burdensome, and disproportional to the issues in this case. Plaintiff's claim that he was housed in a cell with a leaky toilet for nine months does not entitle him to every record pertaining to every toilet at the Central Unit for an unspecified period of time. Under the circumstances of this case, the Court will not impose upon Defendant the extraordinary burden of producing the enormous number of documents that may be responsive to the request.

Additionally, Defendant's list of "Additional Documents Requested" includes documents that may be responsive to Plaintiff's fourth request for production. Plaintiff may, therefore, have since received additional documents responsive to this request. Regardless, the Court will not require Defendant to produce anything further in response to Plaintiff's fourth request for production.

Plaintiff's fifth request states:

**RFP No. 5:** "Department Directives: For the relevant time frame produce any and all Department Orders (DO), Director's Instructions (DI), Institutional Orders (IO), Memorandums, Directives or emails regarding employee conduct, performance, and professionalism including ADC performance factors, ADC supervisory issues manual, DO 105 Information Reporting, DO 501 Employee Professionalism, Ethics and Conduct, DO 514 Performance Appraisal for Correctional employees (PACE), DO 601 Administrative Investigation and Employee Discipline, Town Hall Meeting dates and records of proceedings."

Defendant produced no documents in response to the request and objected by claiming the request is "vague, burdensome, overbroad, irrelevant, argumentative, assumes facts not established, requires speculation and conclusion, and not calculated to lead to the discovery of admissible evidence." (Doc. 116 at 4) Defendant also contends that disclosing these documents to an inmate would create a threat to the safe and orderly operation of the maximum security prison units in which Plaintiff is housed. Defendant also claims Plaintiff "has available to him all ADC policies and procedures that are not restricted from inmate possession at the prison library or upon request to the prison library." (Doc. 116 at 4)

The Court finds Plaintiff's fifth request for production is irrelevant, overly broad, unduly burdensome, and disproportional to the issues in this case. Plaintiff's one remaining claim for relief does not come close to supporting a request for virtually every document ever produced by ADC pertaining to employee conduct, performance, and professionalism. The Court will, therefore, not impose upon Defendant the extraordinary burden of producing the enormous number of documents that may be responsive to the request.

Plaintiff's sixth request states:

**RFP No. 6:** "Plaintiff's ADC Records: Produce and all documents regarding or referencing Plaintiff, under the custody and control of any ADC employee at any ADC facility, including incident reports, evaluations, cell block two (MAX Phase Program) screening and removal records or reports, classification and disciplinary records, institutional inmate letters and responses, incoming and outgoing correspondence, grievance records, interstate corrections compact records, memorandums or emails, and master file."

Defendant produced no documents in response to the request and objected by claiming the request is "vague, burdensome, overbroad, irrelevant, argumentative, assumes facts not established, requires speculation and conclusion, and not calculated to lead to the discovery of admissible evidence." (Doc. 116 at 4) Defendant also contends that disclosing these documents to an inmate would create a threat to the safe and orderly operation of the maximum security prison units in which Plaintiff is housed. Defendant also claims Plaintiff "has available to him all ADC policies and procedures that are not restricted from inmate possession at the prison library or upon request to the prison library." (Doc. 116 at 4) Lastly, Defendant explains that Plaintiff is provided with a copy of many of the documents he is requesting at the time they are created.

The Court finds Plaintiff's sixth request for production to be irrelevant, overly broad, unduly burdensome, and disproportional to the issues in this case. Plaintiff's one remaining claim for relief based on unsanitary conditions in his cell and inadequate cleaning supplies does not entitle him to every document ever generated by ADC that contains a reference to him. Plaintiff has not adequately demonstrated that such records are relevant to his claim. The Court will, therefore, not impose upon Defendant the burden of producing the documents that may be

1 responsive to the request.

2 Additionally, Defendant's list of "Additional Documents Requested" includes 3 documents that may be responsive to Plaintiff's sixth request for production. Plaintiff may, 4 therefore, have since received additional documents responsive to this request. Regardless, the 5 Court will not require Defendant to produce anything further in response to Plaintiff's sixth 6 request for production.

7 Plaintiff's seventh request states:

**RFP No. 7:** "Defendant Disciplinary Records: Produce any and all documents regarding the employee disciplinary and criminal histories known to exist under each Defendants' name and employee identification number (EIN) including PACE records, reprimands, suspensions, and terminations or any other administrative or criminal action taken against them."

11 Defendant produced no documents in response to the request and objected by claiming 12 the request is "vague, burdensome, overbroad, irrelevant, argumentative, assumes facts not 13 established, requires speculation and conclusion, and not calculated to lead to the discovery of 14 admissible evidence." (Doc. 116 at 4-5)  Defendant also contends that disclosing these 15 documents to an inmate would create a threat to the safe and orderly operation of the maximum 16 security prison units in which Plaintiff is housed.

17 The Court finds Plaintiff's seventh request for production is irrelevant and 18 disproportional to the issues in this case. Plaintiff's claim that Defendants acted with deliberate 19 indifference to safety by failing to adequately respond to his complaints of unsanitary conditions 20 in his cell and inadequate cleaning supplies does not entitle him to each Defendant's 21 disciplinary record, including their criminal histories. The Court finds such records are not 22 relevant to Defendants' alleged conduct in this action. The Court will, therefore, not require 23 Defendant to produce documents responsive to this request.

24 Plaintiff's eighth request states:

**RFP No. 8:** "Any and all documentation which supports any defense which may be raised at trial including ADC count sheets with the names, ADC numbers, and housing locations of each inmate whether named or referenced individually or as a group in any defense regarding who was not given cell or cleaning supplies and equipment in accordance with ADC policy or custom, any and all documents specific to each inmate evidence as to the reason(s) they were not permitted to receive cleaning supplies and equipment."

1  Defendant produced no documents in response to the request and objected by claiming
2  the request is "vague, burdensome, overbroad, irrelevant, argumentative, assumes facts not
3  established, requires speculation and conclusion, and not calculated to lead to the discovery of
4  admissible evidence." (Doc. 116 at 5) Defendant also contends that disclosing these documents
5  to an inmate would create a threat to the safe and orderly operation of the maximum security
6  prison units in which Plaintiff is housed.

7  The Court finds Plaintiff's eighth request for production is vague, overly broad,
8  unduly burdensome, and disproportional to the issues in this case. Plaintiff will be entitled to
9  copies of any documents Defendants intend to use at trial in support of any defenses they raise.
10  He is not, however, entitled to the broad scope of documents he seeks in this request. The Court
11  will not not impose upon Defendant the significant burden of producing all the documents that
12  may be responsive to Plaintiff's request.

13  Additionally, Defendant's list of "Additional Documents Requested" includes
14  documents that may be responsive to Plaintiff's eighth request for production. Plaintiff may,
15  therefore, have since received additional documents responsive to this request. Regardless, the
16  Court will not require Defendant to produce anything further in response to Plaintiff's eighth
17  request for production.

18  **C. Motion to Compel - Conclusion**

19  Based on the foregoing discussion, Plaintiff's Motion to Compel Discovery, doc. 102,
20  will be denied.

21  **II. Motion for Sanctions**

22  Next, Plaintiff seeks sanctions against Defendants' counsel based on counsel's alleged
23  misrepresentation, in a previous filing, that Plaintiff had been "convicted of multiple murders
24  both inside and outside of prison." (*See* Doc. 110 at 1-2) Based on that alleged fact, counsel said
25  "the Court should not lend any credence to [Plaintiff's] allegations." (*Id.*) Counsel also attached
26  a footnote to the statement referencing a website that presumably supported the assertion.

27  As Plaintiff accurately points out, the information cited by Defendants' counsel does
28  not indicate Plaintiff has been convicted of multiple murders. It appears from the information

cited that Plaintiff is serving a life sentence for a murder conviction in Massachusetts.[3] While in prison, Plaintiff was again charged with murder after he was involved in a fight started by another inmate which resulted in the inmate's death. Plaintiff, however, was acquitted of the charge following a jury trial.

Although counsel's assertion was inaccurate and reckless, the Court exercises its discretion and declines to impose sanctions. *See* Fed.R.Civ.P. 11(c)(1) (providing that the court "may" impose an appropriate sanction for a violation of Rule 11(b)). This civil rights action involves allegations by Plaintiff that, while incarcerated in the Arizona Department of Corrections, Defendants acted with deliberate indifference to his health and safety in violation of the Eighth Amendment. The circumstances that led to Plaintiff's incarceration have no bearing on the Court's rulings in this matter. Counsel's assertion regarding Plaintiff's criminal history has no relevance to the issues in this case and it was disregarded by the Court. Plaintiff's motion for sanctions will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery, doc. 102, and Plaintiff's Motion for Rule 11 Sanctions, doc. 115, are **DENIED**.

DATED this 13th day of May, 2014.

Lawrence O. Anderson
United States Magistrate Judge

---

[3] http://law.justia.com/cases/federal/appellate-courts/F3/430/483/505500 (last accessed May 12, 2014).