**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James E. Skinner, | ) | No. CV-12-1729-PHX-SMM (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion to Compel Discovery, in which Plaintiff seeks an order compelling Defendant Alvarez to produce additional documents. (Doc. 145)  Defendant has filed a Response and Plaintiff has filed a Reply. (Docs. 150, 151)

The discovery at issue in this motion pertains to Plaintiff's claim in Count I of his First Amended Complaint, the sole remaining claim, in which Plaintiff alleges he is being deprived of basic necessities in violation of the Eighth Amendment. Plaintiff complains of inadequate plumbing in his cell, unsanitary conditions in his cell and other areas, and the failure to provide cleaning supplies to address the unsanitary conditions. Plaintiff claims that for nine months he was housed in a cell in which the base of the toilet leaked every time it was used, which caused flooding, and that he was not provided adequate supplies to address the problem. He further claims that when he was eventually moved to a different cell in a different housing unit, the walls of the cell appeared to have blood and dried feces on them. He claims that during the several months he was there, he repeatedly requested supplies to clean his cell but received adequate supplies on only one occasion. Plaintiff also claims that outdoor recreation cages and an outer stairwell were covered with cat waste and pigeon droppings. He claims these

1   contaminants were then tracked back to his cell. Plaintiff claims he informed Defendants of

2   these issues but they failed to take any action to resolve the problems.

3          In this Motion to Compel, Plaintiff identifies three requests for production to which

4   he claims Defendant Alvarez failed to adequately respond. He asks the Court to order Defendant

5   Alvarez to produce more documents responsive to the requests. Defendant Alvarez argues in

6   the response that his responses to the requests for production were sufficient and the objections

7   he has asserted are proper.

8   **A. Legal Standards for Discovery**

9          Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery

10  regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant

11  information need not be admissible at the trial if the discovery appears reasonably calculated

12  to lead to the discovery of admissible evidence. All discovery is subject to the limitations

13  imposed by Rule 26(b)(2)(C)." Fed.R.Civ.P. 26(b)(1). These limitations reflect that, in addition

14  to being relevant, discovery must also be proportional to the issues and needs of the case. *Kaiser*

15  *v. BMW of North America, LLC*, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013) (citing

16  Fed.R.Civ.P. 26(b)(2)(C)). Rule 26(b)(2)(C) provides:

17

18          On motion or on its own, the court must limit the frequency or extent of
            discovery otherwise allowed by these rules or by local rules if it determines
            that:

19
            (i) the discovery sought is unreasonably cumulative or duplicative, or can
20          be obtained from some other source that is more convenient, less
            burdensome, or less expensive;

21
            (ii) the party seeking discovery has had ample opportunity to obtain the
22          information by discovery in the action; or

23          (iii) the burden or expense of the proposed discovery outweighs its likely
            benefit, considering the needs of the case, the amount in controversy, the
24          parties' resources, the importance of the issues at stake in the action, and the
            importance of the discovery in resolving the issues.

25          Thus, the court must "strike[ ] the proper balance between permitting relevant

26  discovery and limiting the scope and burdens of the discovery to what is proportional to the

27  case." *Kaiser*, 2013 WL at *3.  Moreover, "[b]road discretion is vested in the trial court to

28

1   permit or deny discovery, and its decision to deny discovery will not be disturbed except upon

2   the clearest showing that denial of discovery results in actual and substantial prejudice to the

3   complaining litigant." *Hallet v. Morgan*, 296 F.3d 732,751 (9th Cir. 2002) (citing *Goehring v.*

4   *Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)).

5   **B. Application**

6       Plaintiff's first request for production to Defendant Alvarez states:

7       Produce any and all documents that in any way relates to or otherwise
        references Browning Unit sanitation of inmate housing areas, by any name,
8       whether cluster, cell or pod, to include but not limited to: Post Orders,
        Policies, Plans, Protocols, Procedures, Correctional Standards, Correctional
9       Service Laws, Cluster Cleaning Equipment Master Inventory and Check
        Out Forms, Browning Unit Daily Activity Schedules, Methicillin Resistant
10      Staphylococcus Aureus (MRSA) documents and videos, Audits, Incident
        Reports, Memorandums, Town Hall Meeting documents and all staff
11      sanitation duties.

12  (Doc. 145 at 6)  In response, Defendant's counsel produced approximately 1300 pages of

13  documents that had nothing to do with Browning Unit. Counsel claims he knew this when he

14  produced the documents. (Doc. 150 at 3) His explanation, oddly, is that "these are the

15  documents in counsel's possession that were redacted and ready to be disclosed." (*Id.*)  He

16  subsequently produced another 1400 documents pertaining to Browning Unit. Plaintiff claims

17  in his reply, however, that the documents provided are so heavily redacted, they are useless.

18      Regardless, the Court exercises its broad discretion over discovery matters and finds

19  that, applying Rule 26(b)(2)(C), Plaintiff's request is completely disproportional to what is

20  appropriate for this case.  The Court finds the "burden or expense of the proposed discovery

21  outweighs its likely benefit, considering the needs of the case, the amount in controversy, the

22  parties' resources, the importance of the issues at stake in the action, and the importance of the

23  discovery in resolving the issues." *See* 26(b)(2)(C)(iii). The Court will order no further

24  production of documents in response to this request.

25      In his second request, Plaintiff directs Defendant Alvarez to "[p]roduce any and all

26  Browning Unit documents related to or otherwise reference [sic] sanitation which require your

27  signature." (Doc. 145 at 8-9)  In response, Defendant's counsel again referenced the same

28  documents that had nothing to do with Browning Unit that he produced in response to the first

1   request.

2           Plaintiff's second request for production, however, contains no time frame and it

3   requests all documents related to sanitation (signed by Alvarez), even though Plaintiff's one

4   remaining claim addresses very specific sanitation issues. Plaintiff's request is overly broad and

5   unduly burdensome in light of the narrow issues in this case. The Court will order no further

6   production of documents in response to this request.

7           Finally, Plaintiff's third request seeks incident reports written by CO II Johnson for

8   Sgt. Mendoza on January 17, 2014 regarding Plaintiff's complaints about inadequate sanitation

9   supplies. (Doc. 145)  In another careless response, Defendant's counsel simply wrote, "Will

10  Supplement." (Doc. 150 at 4)

11          In response to the motion to compel, Defendant's counsel now claims the requested

12  document is irrelevant, even though no objection was asserted in the response to the  discovery

13  request. Defendant's counsel acknowledges he and Defendant Alvarez have reviewed the

14  document. He asserts, however, that they find it to be not relevant, though he provides no good

15  reasons to support that conclusion. Defendant's relevancy objection is without merit. Counsel

16  will be ordered to produce any documents responsive to Plaintiff's third request within one

17  week.

18          Accordingly,

19          **IT IS ORDERED** that Plaintiff's Motion to Compel Discovery, doc. 145, is

20  **GRANTED** in part and **DENIED** in part. The Motion is granted as to Plaintiff's third request

21  for production to Defendant Alvarez. Defendant's counsel shall produce any documents

22  responsive to the request **no later than Monday, July 7, 2014**. The Motion is denied as to

23  Plaintiff's other two requests for production.

24          DATED this 30th day of June, 2014.

25

26

27                          Lawrence O. Anderson
                            United States Magistrate Judge

28