**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James E. Skinner, | No. CV-12-1729-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Compel Discovery in which Plaintiff seeks an order compelling Defendants Heet, Barrios, Hetmer, Kane, Ryan and Fizer to provide complete responses to interrogatories. (Doc. 113) Defendant has filed a Response and Plaintiff has filed a Reply. (Docs. 141, 147)

**I. Background**

Plaintiff, proceeding *pro se*, commenced this prisoner civil rights action pursuant to 42 U.S.C. § 1983 on August 14, 2012, by lodging a Complaint. (Docs. 1-2) Plaintiff also requested leave to proceed *in forma pauperis,* which was granted. (Docs. 3, 6) On September 21, 2012, the assigned District Judge denied Plaintiff's dual request to exceed the page limit and file the 37-page Complaint, but granted Plaintiff leave to file an amended complaint within thirty days thereafter. (Doc. 6)

Plaintiff, a maximum security inmate housed in maximum security units of maximum security prison complexes within the Arizona Department of Corrections, filed a First Amended Complaint on October 2, 2012. (Docs. 8; 141 at 1) Plaintiff raised two grounds for relief against seventeen separate defendants. In Count I, Plaintiff alleged he is being deprived of basic

1  necessities in violation of the Eighth Amendment, including inadequate plumbing in his cell,
2  unsanitary conditions in his cell and other areas, and the failure to provide cleaning supplies to
3  address the unsanitary conditions. Plaintiff claims that, for nine months, he was housed in a cell
4  in which the base of the toilet leaked every time it was used, which caused flooding, and he was
5  not provided adequate supplies to address the problem. He further claims that when he was
6  eventually moved to a different cell in a different housing unit, the walls of the cell appeared
7  to have blood and dried feces on them. He claims that, during the several months he was there,
8  he repeatedly requested supplies to clean his cell but received adequate supplies on only one
9  occasion. Plaintiff also claims that outdoor recreation cages and an outer stairwell were covered
10  with cat waste and pigeon droppings. He claims these contaminants were then tracked back into
11  his cell. Plaintiff claims he informed Defendants of these issues but they failed to take any
12  action to resolve the problems.

13  In Count II, Plaintiff alleged that prison officials retaliated against him in violation of
14  the First Amendment for filing a previous federal civil rights lawsuit. The District Judge
15  screened the First Amended Complaint in accordance with 28 U.S.C. § 1915A(a) on February
16  19, 2013. (Doc. 9)  The District Judge dismissed Count II for failure to state a claim, along with
17  three defendants, but ordered fourteen defendants to answer the allegations in Count I.[1] (Doc.
18  9 at 15) Plaintiff seeks unspecified compensatory and punitive damages, along with declaratory
19  and injunctive relief. (Doc. 8 at 20)

20  **II. Motion to Compel**

21  In the February 6, 2014 Motion to Compel, Plaintiff identifies thirty-three
22  interrogatories to which he claims Defendants failed to adequately respond. (Doc. 113) He asks
23  the Court to order more complete responses. Defendants argue in the response that their
24  responses are sufficient and any objections asserted are proper.

25  **A. Legal Standards for Discovery**

26  Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery

27
28  [1] Thirteen defendants have answered. The fourteenth, Rita Duarte, was dismissed without prejudice, on March 13, 2014, for failure to serve pursuant to Fed.R.Civ.P. 4(m). (Doc. 134)

- 2 -

regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed.R.Civ.P. 26(b)(1). These limitations reflect that, in addition to being relevant, discovery must also be proportional to the issues and needs of the case. *Kaiser v. BMW of North America, LLC*, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013) (citing Fed.R.Civ.P. 26(b)(2)(C)). Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Thus, the court must "strike[ ] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case." *Kaiser*, 2013 WL at *3. Moreover, "[b]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallet v. Morgan*, 296 F.3d 732,751 (9th Cir. 2002) (citing *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)).

**B. Application**

**1. Defendant Heet**

Plaintiff first challenges two interrogatory responses from Defendant Assistant Deputy Warden Heet. The Court finds Defendant Heet's responses are sufficient. In response to Plaintiff's question, Heet identifies the procedure by which an inmate can request a mop from

the floor officer. Plaintiff's motion complains that Heet failed to identify "all documents specifically referenc[ing the] mopping of cells" is without merit in light of the vagueness of the request. (Doc. 114-2 at 2)  Likewise, Heet sufficiently responded that documentation of cell cleaning was completed on pod sheets and correctional service journals. The Court will not compel further responses from Defendant Heet.

### 2. Defendant Barrios

Next, Plaintiff challenges Defendant Deputy Warden Barrios's responses to certain interrogatories. Defendant Barrios sufficiently responded to interrogatories four and five. Regarding Plaintiff's request for mopping procedures, Barrios referenced housing unit post orders, which specify expectations for cell cleaning. Regarding Plaintiff's extremely broad request to identify any and all documents pertaining to sanitation at Plaintiff's housing unit, Barrios identified correctional service journals, and the information contained therein. He also referred to individual inmate detention records, which document inmate receipt of cleaning supplies. The Court will not compel additional responses.

With regard to interrogatories 12 and 13, Barrios properly responded to the questions, which pertained to the steps taken to ensure compliance with cell cleaning procedures. The Court will not order further responses to those questions, nor to interrogatory 22, which again deals with oversight.

### 3. Defendant Hetmer

Next, Plaintiff challenges Defendant Hetmer's responses to interrogatories 16, 17 and 24. The Court finds that Hetmer's response to the questions about mopping and cleaning procedures at Central Unit to be sufficient. He explains there is a cell cleaning schedule that is overseen by sergeants on each shift and cell block tours are done to ensure compliance with cell cleaning. He also states that Plaintiff was scheduled to receive cleaning supplies on Thursdays during the day shift. Likewise, Hetmer's identification of five separate work orders between August and December 2011 pertaining to the toilet in Plaintiff's cell was a proper response to Plaintiff's question. The Court will not compel any additional responses from Defendant Hetmer.

### 4. Defendant Kane

Plaintiff next challenges Defendant Kane's responses to interrogatories 16, 21 and 22. The Court finds Kane, the Central Unit Assistant Deputy Warden, properly responded to Plaintiff's question concerning compliance with sanitation procedures. Kane addressed how cleaning schedules were posted on bulletin boards and how walk-throughs are performed to observe conditions and operations. Regarding who was responsible for reviewing cell inspection records, Kane referred Plaintiff to a policy, presumably one that explains the cell inspection review policy. Plaintiff does not assert otherwise. Finally, Kane properly referred Plaintiff to records previously disclosed to Plaintiff pursuant to a request for production when asked to identify all cell inspection records. The Court finds no basis to compel additional responses from Defendant Kane.

### 5. Defendant Ryan

Plaintiff next challenges Defendant Ryan's responses to interrogatories 10, 13, 15, 16, 17, 19 and 23. Director Ryan's response to Plaintiff's question regarding the potential for, or incidents of, a MRSA ("methicillin-resistant staphylococcus aureus") infection was sufficient. Defendant Ryan, the Director of the Arizona Department of Corrections, said he knows it has occurred, the potential exists, but he is not familiar with specific conditions that may increase or diminish the risk. Regarding Plaintiff's four questions pertaining to cleaning supplies and cell cleaning schedules, Director Ryan properly explained that the day-to-day operations of the Arizona prisons, including cell cleaning issues, are delegated to the wardens and he has little knowledge of those issues. In response to another interrogatory regarding a specific grievance response, Director Ryan referred Plaintiff to the response, explaining that it speaks for itself. Lastly, in response to another extremely overbroad question in which Plaintiff asks Director Ryan to identify specific documents, Director Ryan responds that he does not have sufficient personal knowledge to respond because the documents pertain to the day-to-day operation of the prisons which is delegated to the wardens. The Court finds no basis to compel additional responses from Defendant Ryan.

**6. Defendant Fizer**

Lastly, Plaintiff challenges Defendant Deputy Warden Fizer's responses to interrogatories 4, 5, 7, 8, 9-14, and 16. In the first and second questions, Plaintiff asked Fizer to explain any and all priorities and funding issues that Fizer referenced in a response to Plaintiff regarding a request to repair or replace his toilet. He also asked about the cost of repairing and replacing a toilet. In addition to objecting, Fizer responded that there are a multitude of demands on prison budgets that Plaintiff does need not know about, including that the replacement of a toilet in Plaintiff's housing unit costs more than $4,000 each. While this seems to be an incredibly high figure, it is Fizer's response and may be properly used at trial for impeachment if it is not accurate. Without more evidence, it is not the province of the trial court to determine the credibility of an adverse party's answers to discovery requests at the discovery stage provided such answers are complete and responsive to the discovery request. Fizer's response is sufficient for now.

"Complete and accurate responses to discovery are required for the proper functioning of our system of justice. . . [and] parties have a duty to provide true, explicit, responsive, complete and candid answers to discovery[.]" *Wagner v. Dryvit Systems, Inc.*, 208 F.R.D. 606, 609–610 (D. Neb. 2001) (citations omitted). "Providing false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party and its counsel to sanctions." *Id.* at 610. One of the primary "purpose[s] of discovery is to make a trial 'less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible'. . . ." *Equal Rights Center v. Post Properties, Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007) (citations omitted). Moreover, Rule 26(e)(2), Fed.R.Civ.P., mandates that a party "[i]s under a duty seasonably to amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect . . . incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." If there is intentional bad faith in answering discovery requests, sanctions may be appropriate as "[l]itigation is not a game. It is the time-honored method of seeking the truth, finding the truth, and doing justice." *Haeger v.*

*Goodyear Tire & Rubber Co.*, 906 F.Supp.2d 938, 940 (D. Ariz. 2012).

Plaintiff also asked whether the Central Unit was "adequately funded" during the relevant time frame and if not, whether Fizer notified others. Fizer's response referring to his previous response in which he said he did not believe the Central Unit had a funding problem. Additionally, in response to Plaintiff's question regarding whether the Central Unit tracked work orders, Fizer's responded "yes," and directed Plaintiff to work orders produced pursuant to a request of production. Fizer's responses are sufficient.

In response to Plaintiff's question about the number of times a work order was submitted on the toilet in Plaintiff's cell from ninety days before Plaintiff arrived in the cell to when it was repaired or replace, Fizer objected, stating it would require speculation on his part. He further stated that as the deputy warden, he did not keep track of such things. The Court will not compel Fizer to respond further to something about which he does not have specific knowledge.

Regarding Plaintiff's question about the identities of any inmates housed in the cell after it was "initially realized" that the toilet needed to be repaired, Fizer properly objects on vagueness grounds. Also, Fizer correctly explains that as a maximum security inmate, Plaintiff is not entitled to the "name(s) and number(s)" of any inmates housed in the cell, as his question requests, for legitimate security and appropriate penological reasons. Courts are required to consider the competing interests of the parties in deciding discovery requests and defer to the expertise of prison officials in matters of prison security. *Cutter v. Wilkinson*, 544 U.S. 709, 725 n. 13 (2005); *United States v. Williams*, 791 F.2d 1383 (9th Cir. 1986).

Plaintiff also asked about Central Unit's procedures for mopping the cells. In response, Fizer explains the cell cleaning process at Central Unit, including the existence of a cleaning schedule, distribution of supplies, and oversight to ensure compliance. Fizer's response is sufficient. Similarly, Fizer's response that he does not have first-hand knowledge of what specific cleaning supplies are available for inmate use, is also sufficient. Plaintiff apparently does not believe Fizer is providing a truthful response, but the Court has no basis to conclude Fizer is not being truthful.

1  With regard to Plaintiff's overly broad request in Interrogatory No. 13 for "any and 2 all ADC documents you were aware of that in any way relates to cell sanitation to include 3 policies, procedures, protocols, post orders, logs, correctional standards, directives, audit 4 reports, Arizona and Federal law, schedules, individual inmate detention records, budget 5 records, supplies purchasing records, [and] supplies inventory records," the Court will order no 6 further response. Plaintiff's request is disproportional to the issues in this case. The same is true 7 with regard to Plaintiff's request for an equally-long laundry list of documents pertaining to 8 sanitation of the outside areas of the Central Unit. Fizer will not be directed to respond to these 9 two requests in Interrogatories No. 13 and 14.

10  Finally, Plaintiff is dissatisfied with Fizer's response to his request to explain the 11 circumstances that led to Plaintiff's removal from the "Max Phase Program." Fizer stated he has 12 no personal knowledge pertaining to the information requested. Fizer claims that "[a]part from 13 the problems with [Plaintiff's] discovery (i.e. compound lines of inquiry, asking for production 14 of documents in an interrogatory, and failing to identify the 'relevant time frame'), [Plaintiff] 15 is simply upset that Fizer either does not remember or lacks the personal knowledge [Plaintiff] 16 believes he should remember or know." (Doc. 141 at 8) The Court has no basis or evidence to 17 conclude Fizer is not being truthful and will not order a further response. The Court, therefore, 18 finds no basis to compel additional responses from Defendant Fizer.

19  Accordingly,

20  **IT IS ORDERED** that Plaintiff's Motion to Compel Discovery, doc. 113, is 21 **DENIED**.

22  DATED this 3rd day of July, 2014.

Lawrence O. Anderson
United States Magistrate Judge