IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James E. Skinner,<br><br>        Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>        Defendants. | No. CV-12-01729-PHX-SMM (ESW)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned on referral from the District Court Judge (Doc. 183). The determination of the undersigned is dispositive regarding one of Plaintiff's claims. Accordingly, the undersigned makes the following Report and Recommendation pursuant to Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1)(B) and (C).

## PROCEDURAL HISTORY

Plaintiff James Skinner is currently incarcerated in the Arizona State Prison Complex (ASPC) – Manzanita Unit and filed a First Amended Complaint (Doc. 8) alleging a violation of his civil rights under the Eighth Amendment pursuant to 42 U.S.C. § 1983. One of the defendants named in Plaintiff's First Amended Complaint is "Rita Duarte." Pursuant to 28 U.S.C. § 1915(A)(a), the Court ordered that Defendant Duarte respond to Count I of Plaintiff's First Amended Complaint (Doc. 9). A service packet was forwarded to the United States Marshals Service (USMS) on February 28, 2013 regarding Defendant Duarte. By Process Receipt and Return (Doc. 16) filed on March

21, 2013, the summons was returned unexecuted with the following remark by USMS: "Mail out for Rita was returned via mail 'RTS' unable to locate at given address." The address given by Mr. Skinner for Defendant Duarte was: "Rita Duarte, ASPC-Florence, Central Unit, P.O. Box 8200, Florence, AZ 85132."

On May 7, 2013, the Court ordered Defendant Ryan to file a current work address for Defendant Duarte if she was still employed by the Arizona Department of Corrections (ADOC) (Doc. 29). Alternatively, the Court ordered Defendant Ryan to file under seal the last known address for Defendant Duarte. *Id.* On May 8, 2013, defense counsel filed a Notice of Filing Last Known Work Address for several defendants, including a "Rita S. Duarte" at ADOC, 480 North Mesa Drive, Suite 210, Mesa, AZ 85201-5957 (Doc. 30). On September 26, 2013, a new service packet was forwarded to USMS for Defendant "Rita S. Duarte." On October 28, 2013, by Process Receipt and Return (Doc. 59), the summons for "Rita S. Duarte" was returned unexecuted with the following USMS remark: "Packet returned. Called HR Rita S. Duarte is no longer employed w/ADOC as of October 18, 2013. Unable to serve."

Thereafter, the Court ordered Plaintiff to show cause by no later than November 29, 2013 why Defendant Duarte should not be dismissed without prejudice from the case for Plaintiff's failure to timely serve pursuant to Rule 4(m), Fed. R. Civ. P., and LRCiv 16.2(b)(2)(B)(i) (Doc. 73). Plaintiff timely responded and requested that Defendants be ordered to file "Rita S. Duarte's" home address under seal (Doc. 75). The Court found Plaintiff's explanation to be persuasive and ordered Defendant Ryan to file the home address for "Rita S. Duarte" under seal and the Clerk of the Court to forward the address to USMS for a third service attempt (Doc. 95). Alternatively, the Court allowed counsel to file a notice accepting service of process on behalf of Defendant Duarte.

Defense counsel filed "Rita S. Duarte's" last known home address under seal on January 9, 2014 (Doc. 98), and the Clerk of Court forwarded a third Service Packet to USMS on January 10, 2014. By Process Receipt and Return filed on January 15, 2014, the summons again was returned unexecuted with the following USMS remark: "Unable

to locate, house vacant per neighbors at address given, the house hase [sic] been vacant for 6 weeks – " (Doc. 104).

On March 12, 2014, the Court on its own motion dismissed without prejudice Defendant Duarte from the case for Plaintiff's failure to timely serve pursuant to Fed. R. Civ. P. 4(m) (Doc. 134).

A fully briefed Motion for Summary Judgment is currently pending before the Court. However, on February 3, 2015, counsel for Mr. Skinner filed the pending Motion for Sanctions (Doc. 191) which was referred to the undersigned for consideration. A Response (Doc. 192) and Reply (Doc. 193) were timely filed.

## **DISCUSSION**

In his Motion for Sanctions (Doc. 191), Plaintiff alleges that Defendant Ryan or the Attorney General committed a fraud upon the Court by concealing vital information from the Court and opposing party regarding the last known home address of Defendant Duarte. When Defendants used testimony ("Declaration") from Ms. Duarte in support of their Motion for Summary Judgment (Doc. 177-9, page 2), Plaintiff learned that Ms. Duarte has remained in the employ of ADOC throughout this litigation. Plaintiff asserts that Defendants knew Ms. Duarte's whereabouts and purposefully concealed her location to avoid service of process and effect a dismissal as to Ms. Duarte. Plaintiff requests the Court sanction Defendants by striking their Answer and defaulting Defendants. No authority is cited for this extreme remedy. Plaintiff attributes negative connotations to the fact that Ms. Duarte was only one of two Defendants who did not waive service of process. Plaintiff posits that if Defendants were able to find Ms. Duarte for purposes of their Motion for Summary Judgment, Defendants were at all times able to provide correct information to the Court to enable USMS to effectuate service of process in a timely manner upon Ms. Duarte. The Declaration of Ms. Duarte is dated September 3, 2014. Therefore, Plaintiff argues that the Attorney General was aware of Ms. Duarte's correct location prior to the Court's order dismissing her from the litigation, during the many attempts of the USMS to serve her. Plaintiff suggests a "cover up" based upon Duarte

signatures appearing within documents disclosed to Plaintiff which do not appear to have been generated by the same person. (Doc. 191, page 7).

In their Response (Doc. 192), Defendants provide a reasonable explanation for having provided incorrect addresses for Defendant Duarte. Defendants state that there were two individuals with the first name "Rita" and the last name "Duarte" who were employed by the Arizona Department of Corrections (ADOC) at the start of this litigation: Defendant Rita **J.** Duarte ("Defendant Rita J. Duarte") and an unrelated Rita **S.** Duarte ("Non-Party Rita S. Duarte"). Defendant Rita J. Duarte's correct ADOC business address in Mesa initially was provided to the Court. However, Defendant Rita J. Duarte was incorrectly identified as Non-Party Rita S. Duarte by counsel. Compounding the error, Defendant Rita J. Duarte received a lateral transfer to Tucson prior to USMS attempting service at her correct business address. When service was initially attempted at Defendant Rita J. Duarte's correct business address but under the wrong name by middle initial, ADOC's Human Resources Department correctly informed USMS that "Rita S. Duarte" was no longer in ADOC's employ. Non-Party Rita S. Duarte, in fact, did resign. The "Rita Duarte" at the business address where the USMS first attempted service was actually Defendant Rita J. Duarte who had, by that time, relocated to Tucson. All additional information requested and received by the Court was for Non-Party Rita S. Duarte, the wrong Duarte for purposes of this litigation.

Defendants' explanation for the confusion is human error. Rita S. Duarte resigned at approximately the same time that Defendant Rita J. Duarte was being laterally transferred to Tucson. Neither the Attorney General nor the ADOC caught the mistake of fact. The Duarte signatures on documents reviewed by Plaintiff appear different because they are different. Therefore, Defendants urge the Court to deny Plaintiff's Motion for several reasons: (1) Rule 11 was not violated; (2) Rule 37 was not violated; and (3) Rule 60 provides relief.

In his Reply, Plaintiff sets forth the procedural history of the case and urges the Court to find that defense counsel was at all times aware that Defendant Rita J. Duarte

was an ADOC employee, but purposefully failed to provide her location to the Court. Plaintiff suggests that defense counsel's conduct is unethical and a fraud on the Court.

Rule 11(c), Fed. R. Civ. P., provides that the Court may impose sanctions on a party or counsel who, ". . . after notice and a reasonable opportunity to respond . . .," violates Rule 11(b), Fed. R. Civ. P. Rule 11(b), Fed. R. Civ. P., requires an attorney to certify that what he signs, files, submits or advocates to the Court is "to the best of [his] knowledge, information and belief, formed after an inquiry reasonable under the circumstances" not presented for an "improper purpose" and "have evidentiary support . . . ."

Based upon all the information presented, the undersigned finds that the conduct of Defendants and their counsel did not violate Rule 11, Fed. R. Civ. P. Counsel explained to the Court's satisfaction a mistake of fact which was compounded by human error. There is no evidence that the mistake was maliciously intended. In addition, a remedy at law exists to correct the mistake, which Plaintiff does not address but Defendants readily offered. Pursuant to Rule 60(b)(1) or (6), Fed. R. Civ. P., the Court may vacate its order dismissing Defendant Rita J. Duarte without prejudice (Doc. 134) for either mistake, excusable neglect, or any other reason justifying relief, if the Court's order were deemed a final order. Pursuant to Rule 60(a), Fed. R. Civ. P., the Court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *Id.*

In this case, a mistake was made by defense counsel and compounded by Defendants' Human Resources personnel. This human error eventually resulted in an order dismissing without prejudice Defendant Rita J. Duarte. Good cause has been shown to correct the mistake, vacate the Court's order, reinstate the case as to Defendant Rita J. Duarte, and proceed with the litigation. The mistake made regarding Defendant Rita J. Duarte's name and address in this situation is readily rectified. The Court's order was based upon incorrect information which has now been corrected and provided. Defendants have no objection to reinstating the case as to Defendant Rita J. Duarte.

Justice so requires. Defendants' request for their own sanctions against Plaintiff should be denied.

Finally, there is no basis to find a violation of Rule 37, Fed. R. Civ. P. Defendants promptly have provided, albeit incorrectly, all information sought as to Defendant Rita J. Duarte's location.

## RECOMMENDATIONS

**IT IS RECOMMENDED** that the Court deny Plaintiff's Motion for Sanctions (Doc. 191).

**IT IS FURTHER RECOMMENDED** that the Court deny Defendants' request to sanction Plaintiff's counsel (Doc. 192).

**IT IS FURTHER RECOMMENDED** that the Court vacate its Order (Doc. 134) of March 12, 2014 and reinstate the case as to Defendant Rita J. Duarte.

**IT IS FURTHER RECOMMENDED** that the Court order defense counsel to provide to the Court within three business days of this Order the current, correct address for Defendant Rita J. Duarte. Alternatively, defense counsel may file a Notice Accepting Service of Process on behalf of Defendant Rita J. Duarte.

**IT IS FURTHER RECOMMENDED** that the Court order the Clerk of Court to provide Defendant Duarte's address to USMS with a Service Packet including this Order, a copy of the Marshals Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Duarte.

**IT IS FURTHER RECOMMENDED** that the Court extend the time for service of process of Defendant Duarte for 60 days.

**IT IS FURTHER RECOMMENDED** that the Court permit additional, limited discovery regarding Defendant Rita J. Duarte by extending the discovery deadlines for 60 days from the date an Answer or other responsive motion is filed by Defendant Rita J. Duarte.

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth

1 | Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules
2 | of Appellate Procedure, should not be filed until entry of the district court's judgment.
3 |       However, pursuant to Rule 72(b), Fed. R. Civ. P., the parties shall have fourteen
4 | days from the date of service of a copy of this recommendation within which to file
5 | specific written objections with the Court.  Thereafter, the parties have fourteen days
6 | within which to file a response to the objections.  Failure to timely file objections to any
7 | findings or recommendations of the Magistrate Judge will be considered a waiver of a
8 | party's right to *de novo* consideration of the issues and will constitute a waiver of a
9 | party's right to appellate review of the findings of fact in an order or judgment entered
10 | pursuant to the recommendation of the Magistrate Judge.  *See*, *Robbins v. Carey,* 481
11 | F.3d 1143, 1146-47 (9th Cir. 2007); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121
12 | (9th Cir. 2003) (*en banc)*.
13 |       Dated this 20th day of March, 2015.

_____
Eileen S. Willett
United States Magistrate Judge